UNITED STATES of America ex rel.
Robert SMITH, Petitioner,

v.

Odie WASHINGTON, Respondent.

No. 97 C 2369.

United States District Court,
N.D. Illinois,
Eastern Division.

Jan. 20, 1998.

Robert Smith, Pontiac, IL, pro se.

Paul James Chevlin, Illinois Attorney General's Office, Arleen C. Anderson, Illinois Attorney General's Office, Criminal Appeals Division, Chicago, IL, for Odie Washington.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Petitioner, Robert Smith, filed a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus to challenge his conviction on two counts of

murder. For the following reasons, the Petition is denied.

## Background

Following a jury trial in the Circuit Court of Cook County, Illinois, Mr. Smith was convicted of two counts of first degree murder and sentenced to two concurrent terms of natural life imprisonment. Mr. Smith appealed his convictions in the Illinois state court system through both the direct appellate review mechanism and the Illinois postconviction relief statute. All of his state remedies have been exhausted.

On April 3, 1997, Mr. Smith filed this habeas corpus petition. In his petition, Mr. Smith argues (1) ineffective assistance of trial counsel for failing to present evidence of his severe head injury, subsequent complications, and use of psychotropic medication; (2) that the trial court violated his right to due process by failing to hold a fitness hearing when he was under the influence of psychotropic medication; (3) ineffective assistance of trial counsel for failing to seek a fitness hearing; (4) ineffective assistance of appellate counsel for failing to raise claims (2) and (3) above; (5) that he was arrested for the murders without probable cause and thus, the physical evidence and statements obtained from him after his arrest were fruits of an illegal arrest; (6) that he was physically and mentally coerced into confessing; (7) that he did not voluntarily, intelligently, and knowingly waive his *Miranda* rights; (8) that he was not proved guilty beyond a reasonable doubt; and (9) that the Illinois Supreme Court is illegally constituted. These claims are reviewed under the habeas corpus statute as amended by the Anti–Terrorism and Effective Death Penalty Act of 1996.

## Standard of Review

■ Under Section 2254(d):

An application for writ of habeas corpus ... shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §§ 2254(d) The "contrary to" provision of Section 2254(d)(1) pertains to questions of law. *Lindh v. Murphy*, 96 F.3d 856, 869 (7th Cir.1996) (*en banc* ), *rev'd on other grounds,* —— U.S. ——, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). A federal court on habeas review is free to express an independent opinion on all legal issues in a case to determine whether a state court decision has deviated from the Constitution. *Id.* The "unreasonable application" provision of Section 2254(d)(1) restricts habeas relief where "the dispute lies not in the meaning of the Constitution but in its application to a particular set of facts—when it is, in the standard phrase, a 'mixed question of law and fact.'" *Id.* at 870. This provision does not permit the federal court to express its independent opinion, rather, "[i]t tells federal courts: Hands off, unless the judgment in place is based on an error grave enough to be called 'unreasonable.'" *Id.* Where the state court offers a responsible and thoughtful answer after a full opportunity to litigate the question, a federal court on habeas review must accept that answer as adequate to support the judgment. *Id.* at 871. Thus, where a state court correctly identifies the applicable constitutional rule and asks the legally correct question, its fact specific answer cannot be called "unreasonable" even if it is wrong. *Id.* at 876–77.

In determining whether a petitioner is entitled to relief under Section 2254(d)(2), the federal court will presume that factual determinations by a state court are correct. 28 U.S.C. § 2254(e)(1). The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. *Id.*

## Ineffective Assistance of Trial Counsel

Mr. Smith claims that he was denied effective assistance of trial counsel as defense counsel did not present evidence of his head injury, related complications, and use of medication. His petition does not present any

factual basis for relief on this ground, but presumably, he is reiterating his argument on direct appeal that the evidence would have rebutted the mental state for murder. The Illinois Appellate Court addressed this claim and denied it on the merits.

To advance a successful claim of ineffective assistance of counsel, Mr. Smith must show (1) that counsel's performance was deficient under an objective standard of reasonableness, and (2) that this deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In determining whether counsel's performance was deficient, the court will ask whether counsel's conduct was within the wide range of professional competence demanded of attorneys in criminal cases. *Id.* at 688. The court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (citing *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83 (1955)).

If counsel's performance is deemed deficient, the court must still find that the defendant was prejudiced because of the deficiency. Mr. Smith must show that there is a reasonable probability that, but for counsel's unprofessional errors, the factfinder would have had a reasonable doubt respecting guilt. *Id.* 466 U.S. at 695. In addition, Mr. Smith must demonstrate that counsel's errors deprived him of a fair trial. *Lockhart v. Fretwell*, 506 U.S. 364, 369, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993) "[A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective." *Id.* at 369.

In examining the merits of this claim, the Illinois Appellate Court applied the *Strickland* standard of review. Therefore, the appellate court did not apply law "contrary to" federal law. The only question is whether the appellate court's decision "involved an unreasonable application" of the law.

The appellate court found that Mr. Smith's defense at trial was that he did not murder his relatives. He consistently clung to the story that he was at a friend's house all night doing drugs and drinking alcohol. It was his position that his court-reported statement was the product of what the police told him to say as opposed to the compilation of facts about which he had independent knowledge. He said he agreed to cooperate with the police because the officers told him that if he did, they would let him see a doctor.

Based on this finding, the appellate court determined that defense counsel's pursuit of Mr. Smith's medical condition would not have comported with the proffered defense. Pursuing the medical condition in an attempt to explain away the existence of the mental state for murder did not correspond with defense counsel's trial strategy that Mr. Smith was innocent of the murders. Thus, defense counsel's performance did not fall below the objective standard of reasonableness depriving Mr. Smith of a fair trial.

I do not find this an unreasonable application of federal law and thus, I deny relief on this claim.

### Fitness Hearing

Mr. Smith raises three related claims, arguing that he was denied a fitness hearing in violation of his Fourteenth Amendment right to due process. First, he claims that the trial court erred in failing to conduct a fitness hearing because at the time of trial, he was taking psychotropic drugs and other medications under medical direction. Second, he claims ineffective assistance of trial counsel because of his failure to request a fitness hearing. Third, he claims ineffective assistance of appellate counsel on the grounds that appellate counsel did not raise the previous two claims on direct appeal.

Mr. Smith did not raise his fitness claim or his ineffective assistance of trial counsel claim in his direct appeal to the Illinois Appellate Court. The first time he raised those issues was in his first petition for leave to appeal in the Illinois Supreme Court. The court denied his leave to appeal without considering the merits of the claims.

Mr. Smith subsequently raised those two claims in a post-conviction petition in the Circuit Court. However; the Circuit Court indicated that those post-conviction claims were "waived because they should have been pursued on his direct appeal of his case." (Jul. 30, 1996 Cir.Ct. Report of Proceedings, Ex. I at A–5). The appellate court affirmed the dismissal and the Illinois Supreme Court denied Mr. Smith leave to appeal on October 1, 1997.

■ "When a state court relies explicitly on a state procedural default rule in declining to review a federal question, a federal court sitting in habeas corpus jurisdiction must accept the determination as an 'adequate and independent state ground' for decision of the issue." *Williams v. Chrans*, 894 F.2d 928, 934 (7th Cir.1990) (citing *Harris v. Reed*, 489 U.S. 255, 263, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989)). The federal court will not consider the federal question unless the petitioner can show either (1) there was a cause for and prejudice from the default, or (2) failure to consider the question would result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

■ Mr. Smith argues that there was cause for the default: ineffective assistance of appellate counsel. Mr. Smith raised ineffective assistance of appellate counsel in his petition for post-conviction relief before the Circuit Court. The Circuit Court held a hearing and determined that there was evidence in Mr. Smith's file that he had a psychological examination that found him fit and sane and that indicated he was not taking any kind of medication. The Circuit Court also found that Mr. Smith had not presented any evidence of drug use, other than his blanket allegations that he was under some unnamed psychotropic medication before and during trial.

If a petitioner has failed to develop the factual basis of his claim in state court proceedings, the federal court on habeas corpus review shall not hold an evidentiary hearing unless the petitioner shows:

(A) the claim relies on—

(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme court, that was previously unavailable; or

(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). Failure to develop the factual basis implies that the deficiency in the record reflects something the petitioner did or omitted, such as deciding not to introduce evidence when there was an opportunity to do so. *Burris v. Parke*, 116 F.3d 256, 258–59 (7th Cir.1997). In this case, Mr. Smith had an opportunity to present his ineffective assistance of appellate counsel claim in his post-conviction review, but did not present any evidence that he was taking psychotropic drugs at the time of trial, which might warrant a claim of ineffective assistance of appellate counsel. Thus, Mr. Smith failed to develop the factual basis for his claim.

■ Since Mr. Smith failed to develop the factual basis for his ineffective assistance of appellate counsel claim, an evidentiary hearing will not be held unless both elements of Section 2254(e)(2) are met. Mr. Smith claims that he was unfit to stand trial and that appellate counsel should have presented that claim on his direct appeal. It is well-established that a defendant's due process is violated if the prosecution tries him when he is not competent to stand trial. *Medina v. California*, 505 U.S. 437, 439, 112 S.Ct. 2572, 120 L.Ed.2d 353 (1992). Finding, however, that Mr. Smith was unfit to stand trial does not show that he was innocent of the underlying offense as required by Section 2254(e)(2)(9). *See Pitsonbarger v. Gramley*, 103 F.3d 1293, 1299 (7th Cir.1996) (holding that petitioner was not entitled to an evidentiary hearing under Section 2254(e)(2) on whether his trial counsel was ineffective in failing to seek a fitness hearing), *judgment vacated*, —— U.S. ——, 118 S.Ct. 37, 139

L.Ed.2d 6 (1997) (vacating judgment because the court retroactively applied the amended statute); *Burris,* 116 F.3d at 258. Therefore, Mr. Smith is not entitled to an evidentiary hearing, and all fitness hearing claims are denied.[1]

### Admissibility of Mr. Smith's Confession

Mr. Smith's next three claims involve inculpatory statements he made to the police and to the assistant state's attorney. First, he claims that he was arrested without probable cause, and thus, his confession was the fruit of an illegal arrest. Second, he claims that his confession was coerced. Third, he claims that he did not knowingly, intelligently, and voluntarily waive his *Miranda* rights before confessing. Consequently, the trial court should have granted his motion to suppress his confession.

The Illinois Appellate Court addressed all three claims on direct appeal and denied them on their merits. For the reasons set forth below, I also deny relief on all three claims.

### A. Lack of Probable Cause

■ Under *Stone v. Powell,* 428 U.S. 465, 494, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), federal courts may only entertain Fourth Amendment challenges on habeas corpus review if the petitioner has not been afforded a full and fair opportunity to litigate his claim in state court. A petitioner has been provided a full and fair opportunity to litigate when (1) he has clearly informed the state court of the factual basis for the claim and has argued that those facts constituted a violation of his fourth amendment rights, (2) the state court has carefully and thoroughly analyzed the facts, and (3) applied the proper constitutional case law to the facts. *Weber v. Murphy,* 15 F.3d 691, 694 (7th Cir.), *cert. denied,* 511 U.S. 1097, 114 S.Ct. 1865, 128 L.Ed.2d 486 (1994).

■ Mr. Smith informed the state court of the factual basis for this Fourth Amendment claim. He stated that on the night/morning of the murders, he was arrested for obstruction of justice without probable cause. Therefore, the subsequent confession to the murders was the fruit of the illegal arrest. He had a full suppression hearing on the Fourth Amendment claim and raised it again on direct appeal.

The appellate court thoroughly analyzed the facts and found probable cause. Although Mr. Smith generally contests all of the appellate court's factual findings, he does not present any evidence, let alone clear and convincing evidence, that those findings are incorrect.

The appellate court determined that Mr. Smith and his wife arrived at the crime scene around 5:30 a.m. Mr. Smith then entered the residence, where the murders took place, and threw himself into the pool of blood in the hallway. After refusing to get out of the blood, defendant was physically restrained by police officers, handcuffed, and removed from the crime scene. Officer McWeeny then informed him that he was under arrest for obstruction of justice and/or interfering with a police investigation.

Based on these facts, the court determined that there was probable cause to arrest Mr. Smith for obstruction of justice. "A person obstructs justice when, with intent to prevent the apprehension or obstruct the prosecution or defense of any person, he knowingly ... destroys, alters, conceals or disguises physical evidence, plants false evidence, [or] furnishes false information." 720 Ill.Comp.Stat. 5/31-4(a). The court found that Mr. Smith's hysterical behavior could certainly lead a reasonable officer to conclude that physical evi-

---

1. Even if I found that Mr. Smith was entitled to an evidentiary hearing, I would still find one unnecessary and deny relief based on the record. Competency under federal due process is determined by whether a person has sufficient present ability to consult with his lawyer and to understand the proceedings against him. *Medina,* 505 U.S. at 448. Mr. Smith did have a psychological examination that determined that he was fit and sane and was not under any medication. Further, Mr. Smith participated in his defense. He repeatedly stated that he did not murder his relatives and that he was at a friend's house all night doing drugs and drinking alcohol at the time of the murder. He testified in the suppression hearings that he was coerced into cooperating with the police. Thus, I cannot find that Mr. Smith was incompetent and thereby prejudiced under the *Strickland* standard to warrant a finding of ineffective assistance of appellate counsel.

dence (blood) was being contaminated or destroyed, and thus, there was probable cause to arrest.

Finally, the appellate court applied the correct constitutional law. To effectuate a constitutional arrest without a warrant, the officer must have probable cause. *United States v. Watson,* 423 U.S. 411, 421–23, 96 S.Ct. 820, 46 L.Ed.2d 598 (1976). Probable cause exists where the facts and circumstances within the officers' knowledge would lead a reasonable man to believe that a crime was committed, and that it was committed by the defendant. *Brinegar v. United States,* 338 U.S. 160, 175–76, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949). The appellate analyzed the facts under this standard, and found there was probable cause to arrest. Once in lawful custody, the police could legitimately ask Mr. Smith questions about the murder since he was charged with obstructing the murder investigation.

### B. Coerced Confession

■ A confession, obtained through coercion, violates a defendant's right to due process as guaranteed by the Fourteenth Amendment. *Miller v. Fenton,* 474 U.S. 104, 109, 106 S.Ct. 445, 88 L.Ed.2d 405 (1985). The test to determine whether a confession is voluntary is whether the defendant's will was overborne at the time he confessed. *Lynumn v. Illinois,* 372 U.S. 528, 534, 83 S.Ct. 917, 9 L.Ed.2d 922 (1963). The state appellate court reasonably applied the correct law in looking at evidence of physical or mental abuse to determine whether Mr. Smith's will was overborne. The court evaluated both the defendant's testimony of coercion as well as that of five police officers and one assistant State's Attorney and determined that the record did not support a finding of physical or mental coercion.

### C. Waiver of Miranda Rights

■ "Whether a petitioner actually waived his *Miranda* rights, and whether he did so freely, knowingly, and intelligently, are fact-dependent issues that the state courts are best situated to resolve." *Henderson v. De-Tella,* 97 F.3d 942, 946 (7th Cir.1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 1471, 137

L.Ed.2d 683 (1997). Thus, the state court's findings of fact are entitled to a presumption of correctness unless the petitioner has presented clear and convincing evidence to the contrary. Mr. Smith merely offers that he was incommunicado for nine hours and that he only had one cigarette when he was a chain smoker. This is insufficient to disturb the state court's determination that Mr. Smith made a voluntary, knowing, and intelligent decision to waive his *Miranda* rights.

The appellate court addressed Mr. Smith's contentions that he was emotionally and physically vulnerable; that he was devastated by the deaths of the victims; and that he was physically vulnerable due to sleep deprivation, food deprivation, use of prescription drugs, alcohol, and cocaine. The court found that the defendant was fed by the police, that the defendant indicated in his court-reported statement that he was not under the influence of drugs or alcohol, and that he repeatedly told the police officers and the assistant State's Attorney that he understood his constitutional rights

### Sufficiency of the Evidence

■ Mr. Smith claims that he was not proven guilty beyond a reasonable doubt. He bases his claim on two grounds. First, he argues that since the court directed a verdict in his favor on the arson count, and since the prosecution's theory of the case was that the same person committed the arson and the murders, the directed verdict proves that there was not enough evidence to convict on murder. Second, he claims that the only basis for his conviction is his confession, and since the confession was coerced or otherwise involuntary, there was insufficient evidence to convict him of the two murders.

The first argument lacks merit. A judge or jury can find that there is insufficient evidence to prove beyond a reasonable doubt that the defendant committed all the counts against him. However, that does not imply that findings of guilt on one or more counts, out of many charged, are not supported by the evidence.

Mr. Smith's second argument relies on his assertion that his confession was coerced or involuntary or otherwise in violation of his

Fourth Amendment rights. Since I found that the confession was properly admitted, the confession is evidence to be considered in determining whether there was sufficient evidence to convict Mr. Smith of murder beyond a reasonable doubt.

The relevant inquiry for a federal habeas court reviewing a sufficiency of the evidence claim is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The appellate court applied this constitutional standard, and therefore, it did not apply law contrary to clearly established federal law.

Mr. Smith confessed to killing the two victims. He stated that he went to his mother-in-law's house and cut her throat twice with a razor he kept in his wallet. He then cut his grandmother-in-law's throat two times and left the victims lying on the floor between the hallway and the dining room. Next, he went to the basement to wash and dry his bloody clothes, but left his blood-stained underwear in the basement. He then poured gasoline in the dining room and ignited it.

The appellate court found that the physical evidence wholly corroborated Mr. Smith's confession. The victim's throats were slashed, there was blood in the hallway and in the basement by the washer and dryer. Further, the house smelled of gasoline and the defendant's underwear was recovered from the precise spot he indicated he left it. Thus, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

Given the above facts, the appellate court's decision did not involve an unreasonable application of federal law. This claim is denied.

### Illegally Constituted Court

■ Under this claim, Mr. Smith attacks the Illinois Supreme Court's denial of his leave to appeal his conviction. He argues that the Illinois Supreme Court is illegally constituted. The districts, from which the justices are elected, are not properly drawn; thus, all of the Illinois Supreme Court justices are white. While white defendants convicted of murder are released by the Illinois Supreme Court because the trial court failed to hold a fitness hearing, the same Supreme Court "turns a blind eye" to Mr. Smith's claim because he is black. This creates "an overwhelming presumption of racism." Pet'r's Reply at 13.

Mr. Smith has not presented any law to support his petition to invalidate the Illinois Supreme Court's denial of his leave to appeal. Nor has Mr. Smith presented any evidence that the Supreme Court is prejudiced against him because of his race. Mr. Smith merely makes a blanket statement that white defendants' convictions have been reversed while his conviction was affirmed on identical grounds. Thus, this claim is without merit and is dismissed.

### Conclusion

For the foregoing reasons, Mr. Smith's petition for a writ of habeas corpus is denied.